**NOT FOR PUBLICATION**



# FILED

JUL 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>VLADIMIR HANDL,<br><br>Defendant-Appellant. | No. 16-10253<br><br>D.C. No.<br>3:15-cr-00126-WHA-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted July 10, 2017[**]
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and GUILFORD,[***] District
Judge.

Defendant Vladimir Handl appeals his conviction, after a bench trial, of

racketeering conspiracy in violation of 18 U.S.C. § 1962(d); racketeering in

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Andrew J. Guilford, United States District Judge for the
Central District of California, sitting by designation.

violation of 18 U.S.C. § 1962(c); money laundering conspiracy in violation of 18 U.S.C. § 1956(h); money laundering in violation of 18 U.S.C. § 1956(a)(3)(A) & (B); and conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. We affirm.

1. Defendant first argues that the district court erred in refusing to dismiss the indictment's money laundering-related counts because the government's conduct of the undercover operation was "outrageous" in violation of due process. "We review the district court's decision not to dismiss the indictment for outrageous government misconduct de novo, viewing the evidence in the light most favorable to the government." United States v. Pedrin, 797 F.3d 792, 795 (9th Cir. 2015), cert. denied, 136 S. Ct. 2401 (2016). The district court's "findings of fact underlying the dismissal are reviewed under a clearly erroneous standard." United States v. Holler, 411 F.3d 1061, 1065 (9th Cir. 2005), overruled in part on other grounds by United States v. Larson, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc).

The district court did not err in its application of the six factors set forth in United States v. Black, 733 F.3d 294, 303 (9th Cir. 2013). We do not "examine the pertinent factors with respect to each individual defendant separately" but, instead, do so "with respect to the operation as a whole," at least when a defendant joined

2

the conspiracy at the behest of co-conspirators rather than at the urging of the government. Id. at 307 n.11. The district court reasonably found that Defendant "seemed interested and eager" to participate in the conspiracy, "repeatedly asked to expand the scope of the scheme," and had "ample opportunity to exit the enterprise." "The standard for dismissal on this ground is 'extremely high,'" Pedrin, 797 F.3d at 795, and Defendant has not satisfied it here.

2. Because the district court did not err in refusing to dismiss the money laundering-related counts due to outrageous government conduct, the court also did not err in refusing to dismiss the narcotics conspiracy count for outrageousness.

3. Finally, Defendant argues that, even if the government's conduct does not qualify as outrageous, the district court nevertheless abused its discretion in declining Defendant's request to dismiss the indictment under the district court's discretionary power. We review the court's decision to reject that invitation for abuse of discretion. United States v. Gurolla, 333 F.3d 944, 950 (9th Cir. 2003). Because the government's conduct was not outrageous, and because Defendant has identified no other reason compelling dismissal of the indictment, the district court did not abuse its discretion by refusing to dismiss the indictment.

**AFFIRMED.**